UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| KENNETH H. PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:09-cv-244 |
| | ) |
| MALLETTS BAY BOAT CLUB, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS**
(Doc. 18)

This matter came before the court on September 10, 2010 for a hearing on Defendant Malletts Bay Boat Club, Inc.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendant contends that Plaintiff, Kenneth H. Parker, has failed to establish admiralty jurisdiction over his negligence claim and therefore the Complaint must be dismissed. Plaintiff opposes the motion.

Plaintiff is represented by Michael F. Hanley, Esq. Defendant is represented by Gregory A. Weimer, Esq.

I. **Factual Background.**

The Complaint alleges the following facts. On July 3, 2009, Plaintiff slipped and fell as he was "boarding a launch, a large motor boat used to transport passengers." (Doc. 1 ¶ 5.) Defendant owned, operated, and maintained the launch as a passenger ferry. Defendant also employed a captain to operate the launch who is licensed by an "agency of the United States." (Doc. 1 ¶ 11.) The launch, located in Lake Champlain at the time of the incident, was subject to regulations governing vessels that transport passengers in United States navigable waters.

The Complaint further alleges that, as the operator of the launch, Defendant had a duty of care to all passengers, including Plaintiff, and that Defendant, through the acts and omissions of its employees, "created, maintained and failed to warn of hidden dangerous conditions or defects in the launch." (Doc. 1 ¶ 16.) This alleged negligence was the proximate cause of Plaintiff's fall while boarding the launch which, in turn, caused Plaintiff's injuries.

The Complaint alleges that Lake Champlain is navigable water, Plaintiff was "engaged in a traditional maritime activity, being a passenger on a vessel used for the transportation of passengers on navigable waters," (Doc. 1 ¶ 9), and Defendant was "engaged in a traditional maritime activity, operating a passenger ferry." (Doc. 1 ¶ 10.)

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

Federal district courts have original and exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). Admiralty jurisdiction may be found where "a potential hazard to maritime commerce arises out of activity that bears a substantial relationship to traditional maritime activity." *Sisson v. Ruby*, 497 U.S. 358, 362 (1990) (quoting *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 675 n.5 (1982)).

"[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim" must satisfy three elements. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). First, a court "must determine whether the tort occurred on navigable water . . . ." *Id.* Second, the court "must 'assess the general features of the type of incident involved' to determine whether the incident has 'a potentially disruptive impact on maritime commerce.'" *Id.* (quoting *Sisson*, 497 U.S. at 363, 364 n.2). Third, a court "must determine whether 'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'" *Id.* (quoting *Sisson*, 497 U.S. at 365, 364, and n.2).

Pursuant to a Rule 12(b)(1) motion to dismiss, a plaintiff bears "'the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists.'" *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Where the relevant facts are not in dispute, a district court considering a motion to dismiss for lack of admiralty jurisdiction must take as true all of the material factual allegations contained in the complaint." *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999) (citation omitted). The court does not, however, draw inferences from the complaint favorable to the plaintiff. *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

Defendant's jurisdictional challenge is two-pronged. First, Defendant alleges that the Complaint is facially defective. Second, Defendant argues that the Complaint does not allege an incident that falls within admiralty jurisdiction because the accident in question did not have a potentially disruptive influence on maritime commerce.[1]

### B. Alleged Defect in Pleading.

Defendant first contends that because the Complaint does not allege that the incident had a potentially disruptive influence on maritime commerce, the Complaint's jurisdictional pleading is facially defective. The court addresses this argument although it is not contained in the motion to dismiss because the question of "[s]ubject matter jurisdiction cannot be waived." *Yong Qin Luo v. Mikel*, 2010 WL 3385948, at *2 (2d Cir. Aug. 30, 2010); *see also Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("Issues relating to subject matter jurisdiction may be raised at any time, even on appeal, and even by the court *sua sponte*.") (citations omitted).

---

[1] Defendant conceded at oral argument that the tort occurred on navigable waters and the activity giving rise to the incident had a substantial relationship to traditional maritime activity.

3

Defendant is correct in pointing out that the Complaint does not specifically allege that the incident had a potentially disruptive effect on maritime commerce. Defendant cites *Robertson v. Cease*, 97 U.S. 646 (1878) for the propositions that, (1) "[t]he decisions of this court require that the averment of jurisdiction be positive"; (2) "the declaration shall state expressly the fact on which jurisdiction depends"; and (3) "[i]t is not sufficient that jurisdiction may be inferred argumentatively from its averments." (Doc. 18 at 3) (quoting *Robertson*, 97 U.S. at 649-50). While this remains the applicable law, the court has found no authority that would require dismissal of the Complaint merely because it fails to contain the talismanic phrase "the incident had a potentially disruptive effect on maritime commerce." More recent guidance from the Supreme Court rejects the use of "conclusory" and "formulaic" allegations in order to state a claim,[2] and a complaint need not even mention admiralty jurisdiction in order to allege it. *See, e.g., Friedman v. Cunard Line Ltd.*, 996 F. Supp. 303, 305 (S.D.N.Y. 1998) (finding admiralty jurisdiction notwithstanding the absence of typical jurisdictional allegations and opining that "[p]laintiffs' pleading cannot control the question of subject matter jurisdiction. The existence *vel non* of admiralty jurisdiction in tort depends upon the circumstances of the incident, and controls the governing law."); *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 206 (1st Cir. 1988) ("The mere fact that the plaintiffs invoked the diversity of citizenship jurisdiction of the district court does not preclude the application of maritime law.").

Examination of the Complaint as a whole reveals that it alleges facts from which the court may determine whether the incident has a potentially disruptive impact on maritime commerce; nothing more is required. *See Lujan v. Defenders of Wildlife*, 504

---

[2] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks and citations omitted).

U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury . . . may suffice [to establish jurisdiction], for on a motion to dismiss we presume[e] that general allegations embrace those specific facts that are necessary to support the claim.") (internal quotation marks and citation omitted).

### C. Alleged Failure to Demonstrate a Potentially Disruptive Impact on Maritime Commerce.

Defendant next argues that "Plaintiff's slip-and-fall claim does not involve any potential disruptive influence on maritime commerce; without this element, Plaintiff subsequently cannot establish subject-matter jurisdiction in this [c]ourt." (Doc. 18 at 4.) Because "Plaintiff's fall was contained to one step on a docked boat launch," Defendant contends that "there was absolutely no potential threat to maritime commerce." (Doc. 18 at 7.)

Plaintiff counters that failing to maintain a safe means of ingress and egress to a vessel in navigable waters has the potential to disrupt maritime commerce, and that the Complaint further alleges that the launch was carrying passengers for hire, was subject to regulations governing the operations of vessels to transport passengers in navigable waters, and was operated by a captain licensed by an agency of the United States Government.

The Supreme Court has held that to determine whether an incident had the potential to disrupt maritime commerce, courts must consider "potential effects" rather than the "particular facts of the incident." *Grubart*, 513 U.S. at 538 (citations omitted). A court thus uses "an intermediate level of possible generality" to analyze whether the incident "could be seen within a class of incidents that posed more than a fanciful risk to commercial shipping.'" *Id.* at 538, 539.

Numerous courts have concluded that failure to maintain a safe means of ingress and egress to a vessel in navigable water has a potential to disrupt maritime commerce and is sufficient to confer admiralty jurisdiction. *See, e.g., White v. United States*, 53 F.3d 43, 47 (4th Cir. 1995) (viewing injury on a gangway as invoking admiralty

jurisdiction and holding that "[f]ederal admiralty jurisdiction extends to the means of ingress and egress, including but not limited to the gangway of a vessel in navigable waters.") (citing *Russell v. City Ice & Fuel Co. of Point Pleasant*, 539 F.2d 1318, 1320 (4th Cir. 1976)); *Palmer v. Fayard Moving & Transp. Corp.*, 930 F.2d 437, 441 (5th Cir. 1991) ("Injuries caused by slip and fall accidents on board a vessel have consistently been found to constitute maritime torts."). This remains true when the incident involves non-seaman plaintiffs. *See, e.g., Butler v. Am. Trawler Co., Inc.*, 887 F.2d 20, 21 (1st Cir. 1989) (ship passenger who brought suit against wharf owner for injuries sustained while attempting to board docked ship properly invoked admiralty jurisdiction); *Carey*, 864 F.2d at 207 n.4 ("[A]n injury to a cruise ship passenger caused by a sliding gangway that connected the cruise ship to a tender is a uniquely maritime injury"); *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 64 (2d Cir. 1988) (accepting, without discussion, district court's exercise of admiralty jurisdiction over incident in which passenger fell down a flight of stairs aboard a cruise ship); *Smith v. S. Gulf Marine Co. No. 2, Inc.*, 791 F.2d 416 (5th Cir. 1986) (admiralty jurisdiction exercised in passenger's slip and fall suit arising out of transportation of workers to offshore platform); *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 n.2 (S.D. Fla. 1986) ("The Court acknowledges that this is a maritime tort because the slip and fall occurred aboard the MARDI GRAS while docked in Miami, Florida"). Accordingly, Defendant errs in urging this court to confine application of *Russell* and its progeny to claims brought by seamen as "[i]t is inappropriate . . . to focus on the status of a claimant to determine whether admiralty jurisdiction exists." *Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603, 612 (1991).

In this case, the incident had the potential to impact maritime commerce in at least two ways. First, the accident could have occasioned the response of emergency personnel whose presence and activities, in turn, may have impeded the passage of other vessels and the access of both vessels and passengers to the dock. Second, the tender itself may have remained stationary for an extended period of time while the passenger was treated, which also had the potential to disrupt commercial traffic. The fact that

6

neither of these potentialities was alleged to have occurred in this case is of no moment because as long as "the incident could be seen within a class of incidents that posed more than a fanciful risk to commercial shipping," *Grubart*, 513 U.S. at 539, jurisdiction will be found.

Having established all three components necessary for admiralty jurisdiction, the court finds that Plaintiff has sustained his burden of proof and has established the court's subject matter jurisdiction over his negligence claim.

## CONCLUSION

Based on the foregoing, the court DENIES Defendant's motion to dismiss for lack of subject matter jurisdiction.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 27th day of September, 2010.

Christina Reiss
United States District Court Judge

7